*749 OPINION.
James:
At the end of 1916 the Jager Engine Co. stood charged on the books of the taxpayer with an;open account in the amount of $241,673.18, and as of the close of that year, but after the ruling down of the account, the taxpayer charged off $162,843.18 thereof, leaving a balance of $78,830. In the same manner at the end of 1918 the taxpayer’s balance against the Jager Engine Co., including the above item of $78,830, was $93,313.46, of which $76,000 was charged off as of the close of 1918 but after the books had been ruled off and the balances forwarded. The taxpayer claims that it is entitled to deduct, under section 234 (a) (5) of the Revenue Act of 1918, the total amount of $256,156.64, representing a debt ascertained to be worthless and charged off within the taxable year 1918, within the meaning of that subdivision, and made up of the item of $162,-843.18 charged off in 1917 as of the close of 1916, $76,000 charged off in 1919 as of the close of 1918, and the balance of the account, amounting to $17,313.46. The actual balance of the account on December 31, 1918, was $93,313.46, after deducting the above-mentioned charge-off of $162,843.18.
The Commissioner claims that the entire amount should be written off as of December 31, 1921, and not as of December 31, 1916, when taxpayer charged off $162,843.18, or as of December 31, 1918, when taxpayer charged off $76,000. We are clear that the debt was not deductible in 1916, since in that j^ear it had not been ascertained to be worthless. We are of the opinion that the debt was ascertained *750 to be worthless as of December 31, 1918, and, if the taxpayer has otherwise complied with the requirements of the statute, it is entitled to the deduction in that year. The total account as of the close of that year was, as stated above, $93,313.46, and $162,843.18 had theretofore been charged off, so that the total account as of that date was $256,156.64. In making the book entries thus outlined the taxpayer was following the proper business course, since it was apparent at the close of 1916 that it could not recover all of the account, and it was clear at the close of 1918 that it would never recover any substantial portion of the entire amount.
Not until 1921 did the Income Tax Acts permit deductions for debts ascertained to be worthless in part. The Revenue Act of 1918 allows as deductions “ Debts ascertained to be worthless and charged off within the taxable year.” The language is unambiguous and unmistakably requires compliance with both conditions before a deduction may be allowed for the purpose of computing net income subject to taxation. As to $17,313.46 of the amount claimed by the taxpayer, we are therefore of the opinion that the statute bars the deduction for the simple reason that that amount at least the taxpayer did not “ charge off within the taxable year.” It chose deliberately to carry forward this balance for reasons satisfactory to itself, even though as of the close of 1918 the worthlessness of the account had been ascertained.
But we think the fact that the taxpayer charged off $76,000 after closing the books, putting it as the first entry in 1919, does not affect its right to make the deduction in 1918. The entry dated December 31 was the first entry made after the ruling down of the accounts, and in our opinion substantially complies with the requirement that the amount be charged off within the taxable year. This language must be interpreted in the light of the ordinary course of business practice. It is not the physical act done within the year to which Congress has referred, but to the setting up of evidence of the ascertainment of worthlessness substantially as of the date of such ascertainment 'and in confirmation thereof. The amount of $76,000, we believe, is clearly deductible.
The taxpayer prior to 1918 had charged off $162,843.18, and claimed this amount as a deduction in its return for 1916. The Commissioner very properly disallowed the deduction for that year. For purposes of income-tax accounting, therefore, this amount is to be regarded not as having been charged off by the taxpayer but rather as having been charged to a reserve. In writing the account down to $17,313.46 at the close of 1918 by the entry of $76,000, the taxpayer in effect consolidated with the last-mentioned amount the amount of $162,843.18 theretofore charged out of the *751 account. If the taxpayer had credited surplus and debited the Jager Engine Co.’s account with $162,843.18, and had immediately credited this amount and debited surplus with $238,843.18, it would have complied literally with the requirement that the account be “ charged off within the taxable year ”; yet such an entry would have been wholly meaningless as a matter of bookkeeping and would have been an entry which only could have been put upon the books for purely income-tax purposes, and would have reflected no fact of any significance whatever. The significant fact is that all of the account which then stood upon the books, except $17,313.46, was charged off as of the close of 1918. We are of the opinion that the taxpayer is entitled to a deduction in 1918 of $238,843.18.